IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACI JOHNSON, | Case No. 2:18-CV- |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | J. |
| WALGREENS SPECIALTY PHARMACY, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, by and through her trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint pursuant based upon the following.

### I. PARTIES

1. The Plaintiff is Staci Johnson ("Johnson"), former employee of Defendant, who resides at 160 North Freemont Avenue, Pittsburgh PA 15202.

2. The Defendant is Walgreens Specialty Pharmacy ("Walgreens"), former employer of Plaintiff, that has a headquarters located at business at 104 Wilmont Rd., 4th Floor, MS 10449, Deerfield IL 60015.

### II. JURISDICTION

3. This case is brought pursuant to The Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA"); the Age Discrimination in Employment Act of 1969, as amended, 29 U.S.C. § 621, et seq. ("ADEA").

4. Plaintiff exhausted administrative remedies before the E.E.O.C., charge No., 533-2017-701, and venue is appropriate in the Western District of Pennsylvania.

### III.   FACTS

5. Johnson is an adult female over the age of fifty-one (51).

6. Johnson began working for Walgreens Specialty Pharmacy on February 22, 2016 as a patient care coordinator.

7. A patient care coordinator processes specialty medication orders via telephone and works with doctors, hospitals and insurance companies.

8. Johnson is qualified with over twenty-five (25) years of experience in the healthcare industry.

9. Johnson met all of the written qualifications posted on the Walgreens website when she applied.

10. Johnson's friend, Kathy Hoban ("Hoban") a current employee of Walgreens, referred Johnson.

11. Johnson performed well in the position.

12. Johnson was supervised by Renee Wantland ("Wantland").

13. In April of 2016, Johnson unexpectedly received a final warning for taking time off to treat a lung infection and related dental surgery.

14. Walgreens does not provide time off for employees employed under six (6) months and family medical leave was unavailable.

15. Johnson called off work and accumulated approximately nine (9) disciplinary points, resulting in a verbal warning.

16. Wetland did not apply disciplinary points equally to all employees.

17. In April and/or May of 2016 Johnson notified Wantland that she was on medication ("Ditropan") to treat her bladder and it caused frequent urination and asked for flexibility on her six (6) minute bathroom limit.

18. Wetland refused to accommodate Johnson.

19. Plaintiff complained to Human Resources and Representative, Erica Joyner ("Joyner") accepted a letter from Johnson's doctor.

20. Wantland still left written criticisms on Johnson's desk about her bathroom breaks.

21. On August 22, 2016, Johnson qualified for paid time off ("PTO").

22. In September of 2016, Johnson was diagnosed with Bronchitis.

23. Johnson began using a nebulizer at work and requested that Wetland extend her six (6) minute personal time limit a day to use the nebulizer.

24. Wetland refused the request for accommodation and starting issuing Johnson disciplinary points for her returning late from lunch after using the nebulizer.

25. Johnson used PTO and short-term disability beginning on or about October 12, 2016, for asthma, bronchitis and pneumonia and pleurisy.

26. Johnson was prescribed to use inhalers, "Brevo," and the nebulizer, "Albuterol," to be used four (4) times daily.

27. Johnson returned to work October 31, 2016 and used her medications and nebulizer as instructed and informed Human Resource Representatives, Joyner and Mary Beth Strafford ("Strafford").

28. On November 8, 2016 Strafford questioned Johnson about her nursing license being "suspended" in March of 2016.

29. On March 9, 2016 Strafford and Supervisor, Rick Ferrari ("Ferrari") alleged Johnson was on the Pennsylvania Office of Inspector General ("OIG") "list" and told her that she is not allowed to work with medication.

30. Johnson was suspended thirty (30) days without pay until the matter was investigated.

31. Johnson had no idea why she would be on a list.

32. Amy Dunn ("Dunn"), from the OIG, told Johnson she was not on the OIG list.

33. Johnson called Strafford and Strafford admitted that she may have made a mistake.

34. Johnson reminded Strafford that, either way, a nursing license was not a qualification for her position.

35. Walgreens told Johnson that if she "turned in" her nursing license Walgreens would reinstate her.

36. Johnson told Walgreens that she was not employed as a nurse and saw no reason to turn in her license.

37. Walgreens provided no explanation for its request.

38. Johnson told Walgreens that she would not turn in her license, but that she was ready and willing to return to work immediately.

39. The termination date set by Walgreens, being December 9, 2016 came and went without additional communication from Walgreens.

40. Walgreen's cancelled Johnson's health insurance on December 1, 2016 and she received her personal belongings on November 28, 2016.

41. Johnson has not received any written explanation or notice of her termination.

42. Johnson lost a full-time position paying $14.25 per hour, with 8-10 hours of overtime per week, plus valuable and much needed benefits.

43. The right and just conclusion is that Johnson was terminated as a result of her age and disabilities and requests for accommodations, simple permission to use her inhalers and nebulizer at work.

44. Johnson was not discharged in relation to a legitimate business decision.

## IV. COUNTS

### COUNT 1: DISABILITY DISCRIMINATION

45. Johnson is disabled.

46. Johnson is qualified for the position she held with Defendant.

47. Defendant had knowledge of Plaintiff's disabilities.

48. Johnson requested reasonable accommodations.

49. Defendant denied Plaintiff's requests for accommodations.

50. Defendant did not engage in a meaningful interactive process in seeking alternative accommodations.

51. Johnson was terminated after seeking accommodations.

52. Defendant's reason(s) in support of discharge are untrue and not related to her employment.

53. Plaintiff demands al available relief, costs, fees, and attorney fees for a willful violation.

### COUNT 2: AGE DISCRIMINATION

54. Johnson is over the ae of forty (40).

55. Johnson was qualified for the position she held with Defendant.

56. Defendant terminated Johnson.

57. The reason offered by Defendant is unrelated to her prior position and a pretext for unlawful discrimination.

58. It is believed and averred that Defendant replaced Johnson with a younger, less qualified person.

59. Plaintiff demands all available relief, costs and fees, and attorney fees for willful violation.

## V. CONCLUSION

WHEREFORE The right and just conclusion is that Plaintiff was terminated as a result of her age and disabilities and for no legitimate business reasons.

### JURY TRIAL DEMANDED

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199